**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHARLES MAXWELL,**

    **Petitioner,**

    **v.**

**UNITED STATES and**
**INTERNAL REVENUE SERVICE,**

    **Respondents.**

**Misc. No. 11-684 (JDB)**

**MEMORANDUM OPINION & ORDER**

Petitioner Charles Maxwell sues the United States and the Internal Revenue Service

(IRS) to prevent the IRS from accessing certain of his bank records in an investigation of his tax

liabilities. Now before the Court are Maxwell's petition to quash a summons that IRS Revenue

Agent Ernest Schultz issued to his bank in November 2011, the government's motion to dismiss

that petition, and petitioner's motion to vacate or amend the court's order denying him leave to

file under seal. For the reasons discussed below, the Court will deny both of petitioner's requests

and will grant the government's motion to dismiss.

I. Background

On November 22, 2011, the IRS issued an administrative summons to U.S. Bank, N.A. to

turn over certain bank records in Maxwell's name. *See* Pet'r's Pet. to Quash Summons ("Pet.")

(Dec. 21, 2011) [Docket Entry 1] at 6. Maxwell, a notorious tax protester in his hometown of

Nashville, has previously filed a number of unmeritorious petitions to quash IRS summonses in

the Middle District of Tennessee. *See* Mem. of Law in Support of U.S.'s Mot. Dismiss Pet.

("Resp't's Mem.") (Jan. 18, 2012) [Docket Entry 6-1] at 1 & n.1. A judge of that district

ultimately penalized petitioner with sanctions for his repeated filing of frivolous claims. *See*

*Maxwell v. IRS*, No. 3:09-0308, 2009 WL 1681493, at *3 (M.D. Tenn. May 19, 2009).

      In December 2011, Maxwell filed a petition to quash the IRS summons along with a

"Declaration by Affidavit," Pet. at 1-4, 5, in response to which he was granted leave to proceed

*in forma pauperis*. Order Granting Mot. Leave to Proceed In Forma Pauperis ("Order") (filed

Dec. 21, 2011) [Docket Entry 3]. The government now moves to dismiss Maxwell's petition on

grounds that the Court lacks subject matter jurisdiction over it. U.S.'s Mot. to Dismiss Pet.

("Resp't's Mot.") (Jan. 18, 2012) [Docket Entry 6] at 1. In addition to asserting his claim for the

IRS summons to be quashed, Maxwell seeks leave to file his financial affidavit under seal. *See*

Pet'r's Resp. in Opp'n to Resp't's Mot. Dismiss ("Pet'r's Resp.") (Feb. 7, 2012) [Docket Entry

7]; Pet'r's Mot. to Vacate or Amend Order Denying Leave to File Under Seal ("Pet'r's Mot.")

(Jan. 10, 2012) [Docket Entry 5] at 1-4.

## II. Standard of Review

      As an initial matter, the Court recognizes that complaints submitted by *pro se* plaintiffs

are reviewed by the court under "less stringent standards than formal pleadings drafted by

lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* complaint must still

plead "factual matter that permits the court to infer more than the mere possibility of

misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citations omitted).

      In adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), "the

allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974); *see Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit*, 507

U.S. 163, 164 (1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979).

Therefore, the factual allegations in the complaint must be presumed true, and the petitioner must be given every favorable inference that may be drawn from them. *Scheuer*, 416 U.S. at 236; *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The party seeking to invoke a federal court's jurisdiction in such a case (petitioner here) bears the burden of establishing that the court has jurisdiction. *See U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000). "'[P]laintiff's factual allegations in the complaint . . . will bear close[] scrutiny in resolving a 12(b)(1) motion.'" *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)). As long as the court accepts the factual allegations in the complaint as true, it may also consider other material in determining whether it has jurisdiction. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F. 3d 1249, 1253-54 (D.C. Cir. 2005); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); *see also Bowe-Connor v. Shinseki*, No. 10-2032, 2012 WL 601025 (D.D.C. Feb. 24, 2012).

II. Motion to Dismiss

The United States moves to dismiss Maxwell's petition on the ground that this Court lacks subject matter jurisdiction to adjudicate his claim. The Court agrees.

First, this Court has jurisdiction over a suit brought against the United States only to the extent that the government has itself waived sovereign immunity with respect to the claim at issue. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *see also Gray v.*

3

*Bell*, 712 F.2d 490, 507 (D.C. Cir. 1983). Consequently, the "terms of its consent to be sued in any court determine that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990). Therefore, petitioner's claims are justiciable only if they comply with Section 7609 of the Internal Revenue Code (IRC) – which specifies when a party may challenge the government's authority to issue a third-party summons to a record-keeper. *See Bell v. United States*, 521 F. Supp. 2d 456, 458 (D. Md. 2007), *aff'd*, 275 F. App'x 221 (4th Cir. 2008).

Section 7609(b)(2) of the IRC specifies that any person entitled to notice of a summons may "begin a proceeding to quash such summons not later than the 20th day after the day such notice is given." IRC § 7609(b)(2). The IRS gave notice of the summons to the third party in this case, Maxwell, on November 22, 2011. Decl. of Revenue Agent Ernest Schultz (Jan. 18, 2010) [Docket Entry 6-2], ¶ 8. The twentieth day after that date was December 12, 2011; however, Maxwell did not file his petition until December 21, 2011. Since he missed the statutory deadline for instituting this proceeding, the conditions of the waiver of sovereign immunity have not been met, and this Court must dismiss the petition for lack of subject matter jurisdiction.[1] *See Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999) (finding that the court lacks jurisdiction over a motion to quash that is filed more than twenty days after notice is sent or directly served to the plaintiff) (citing *Faber v. United States*, 921 F.2d 1118, 1119-20 (10th Cir. 1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985)).

Even if Maxwell's petition were timely, this Court would still lack jurisdiction over this case. Section 7609 of the IRC specifies that jurisdiction to evaluate a proceeding brought under subsection (b)(2) – such as that intended by petitioner – exists in the federal district court "for the district within which the person to be summoned resides or is found." IRC § 7609(h)(1). Hence,

[1] Service upon petitioner of a copy of the summons is not governed by Federal Rule of Civil Procedure 4(l)(2) (service "outside the United States"), so petitioner's claim that the twenty days in which a petition to quash may be filed was not tolled, Pet'r's Resp. at 5-6, lacks merit.

a district court lacks jurisdiction over a petition to quash an IRS summons that is filed in a

district in which the entity receiving the summons neither resides nor is found. *McCammon v.*

*United States*, 569 F. Supp. 2d 78, 81 (D.D.C. 2008). That is precisely the situation here:

petitioner has filed his petition in this judicial district, whereas the record-keeper addressed by

the summons is a bank based in Minnesota that does not even have a branch office in the District

of Columbia. *See* Pet.; Decl. of Revenue Agent Ernest Schultz at ¶¶ 5-7.

Petitioner's effort to prove that his bank is not within any judicial district of the United

States (so that the territorial lack of jurisdiction argued by the United States does not apply),

Pet'r's Resp. at 4-5, is unavailing. U.S. Bank, N.A. is headquartered in Minneapolis, which is

located in the fourth judicial district of the state of Minnesota. MINNESOTA JUDICIAL BRANCH:

4TH DISTRICT COURTS, http://www.mncourts.gov/district/4/?page=354 (last visited June 29,

2012). These facts preclude this Court's jurisdiction over the summons.

III. Petition to Quash IRS Summons

Even if this Court had appropriate jurisdiction, Maxwell's petition to quash the IRS

summons at issue would fail. Maxwell makes a number of challenges to the IRS summons issued

to his bank, U.S. Bank, N.A. He alleges that the summons: (1) does not properly identify him as

the party to be investigated; (2) does not identify the party authorized to issue it; and (3) is

unauthorized as a matter of law. Pet. ¶¶ 14-17. Each of these arguments, similar to ones

previously dismissed by the Tennessee federal court, is without merit. *See Maxwell v. IRS*, No.

3:08-MC-0113, 2009 WL 920533, at *5 (M.D. Tenn. Apr. 1, 2009).

First, Maxwell asserts that he is not a citizen of the United States and has no "lawfully

assigned" Social Security number. Pet. ¶¶ 3, 6-7, 11. He claims the summons identifies "[b]y a

number . . . another other than [him]," presumably since he has claimed to have renounced his

Social Security number. *See* Pet. ¶ 14; *Maxwell*, 2009 WL 920533, at *2. However, the summons

can relate only to Maxwell's taxes, as it states it is "[i]n the matter of Charles Philip Maxwell"

and gives Maxwell's Social Security number. *Maxwell*, 2009 WL 920533, at *2; Pet. at 6.

Second, Maxwell argues that the summons does not identify its authorized source. Pet. ¶

15. Yet the summons issued to U.S. Bank, N.A. bears the IRS seal next to the word "Summons"

in large, bold type; the document also indicates that it is from the Commissioner of Internal

Revenue and is signed by Agent Schultz. Pet. at 6; *see also Maxwell*, 2009 WL 920533, at *1.

Third, Maxwell claims that there is no law or duty mandating that he is liable to pay an

individual income tax, so he is not subject to inquiry by officers or employees of the Treasury

Department pursuant to 26 U.S.C. § 7601(a). Pet. ¶¶ 16-17. But "the Supreme Court has

recognized that the [S]ixteenth [A]mendment authorizes a direct nonapportioned tax upon United

States citizens throughout the nation" and "efforts to argue otherwise have been sanctioned as

frivolous." *United States v. Collins,* 920 F.2d 619, 629 (10th Cir. 1990) (citing *Brushaber v.*

*Union Pac. R.R. Co.*, 240 U.S. 1, 12-19 (1916)).

Maxwell's claim that the United States is not sovereign over him derives from a

distinction between "United States of America" and "The United States of America." *See* Pet'r's

Resp. at 1, 3. In effect, he claims that the former issued the summons, but he has pledged

allegiance only to the latter, concluding therefore that the summons has no effect on his records

and the IRC does not apply to him. Pet'r's Resp. at 3. This argument is misguided, at the very

least. Maxwell, as a citizen residing in the United States, is subject to federal law. Courts

regularly reject arguments that one is a citizen of a state (in petitioner's case, Tennessee) and

therefore not of the United States. *See Maxwell*, 2009 WL 920533, at *2 (citing *Upton v. IRS,*

104 F.3d 543, 545 (2d Cir. 1997); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993);

*United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992)).

As Judge Echols of the Middle District of Tennessee has explained, the IRS's authority to issue summons in a tax investigation is denoted in 26 U.S.C. § 7602(a)(2):

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability . . . or collecting any such liability, the Secretary is authorized . . . [t]o summon . . . any other person the Secretary may deem proper, to appear . . . and to produce such books, papers, records, or other data . . . as may be relevant or material to such inquiry.

*Maxwell*, 2009 WL 920533, at *3. Accordingly, Maxwell's request that the Court report to the Attorney General that Agent Schultz has committed a felony under 42 U.S.C. § 408 by issuing the summons to his bank, *see* Pet. ¶ 18, does not withstand scrutiny. Finally, Maxwell's other claims similarly rely on misapplication of legal rules and documents. He misinterprets the concept of self-determination, which, as highlighted by its appearance in a document submitted to the United Nations, *see* Pet'r's Resp. at 3-4, applies to international relations and not to the relations of the U.S. government with its own people.  Maxwell, who obtains the same benefits from living in this country as does any other citizen, cannot choose not to have legal relations with the government; that would lead to anarchy, which is certainly not what the Declaration of Independence (to which he allegedly does subscribe, *see* Pet'r's Resp. at 3-4) envisions.

IV. Denial of Leave to File Under Seal

Petitioner also moves to file his financial affidavit for proceeding in this case *in forma pauperis* under seal. He claims this is his right under the Fifth Amendment, which bars self-incrimination and ensures due process of law. Pet'r's Mot. at 1.

Petitioner's motion is unnecessary. He has already been granted court permission to proceed *in forma pauperis* without prepayment of fees or costs. *See* Order. Since he already has

that status, he need not file any further affidavit; hence, there is no risk of self-incrimination. Petitioner's requested relief to vacate the denial and issue an order approving the filing of the affidavit and declaration under seal will therefore be denied.

V. Conclusion

Upon consideration of [1] petitioner's petition to quash the IRS summons for his bank records, [6] respondent's motion to dismiss the petition to quash the summons, [5] petitioner's motion for leave to file under seal, [7] petitioner's response in opposition to respondent's motion to dismiss, and the entire record herein, and for the reasons discussed above, it is hereby

**ORDERED** that [1] petitioner's petition to quash the IRS summons and [5] petitioner's motion for leave to file under seal are **DENIED**; it is further

**ORDERED** that [6] United States' motion to dismiss petition is **GRANTED**; and it is further

**ORDERED** that the petition is **DISMISSED**.

_____
/s/
JOHN D. BATES
United States District Judge

Dated: July 3, 2012